(No. 5642. Decided July 27, 1905.)

CHARLES LAKE *et al., Appellants,* v. E. P. CHURCHILL *et al., Respondents.*[1]

VENDOR AND PURCHASER—FRAUD—RESCISSION BY VENDEE—NEGLECT TO INVESTIGATE. There can be no rescission for false representations of the vendor in representing the length of the lots, that the premises were unincumbered, and that an abstract thereof was brought down to date, where the abstract submitted to the vendees showed on its face that it was about a year from date, and the vendees visited the property and had an opportunity to examine the title, the records showing a mortgage subject to a contract assigned to the vendees.

Appeal from a judgment of the superior court for King county, Richardson, J., entered October 8, 1904, dismissing on the merits, an action for rescission on the ground of fraud, after a trial on the merits before the court without a jury. Affirmed.

*J. E. McGrew,* for appellants.

*W. D. Lambuth* and *Smith & Cole,* for respondents.

PER CURIAM.—This action was brought in equity to rescind the sale of two city lots, on the ground of fraud and misrepresentation. Appellants claimed that they purchased the lots upon the representation that they were one hundred and twenty-five feet in length, while in fact one of them was only one hundred and eight, and the other one hundred and twelve, feet long; that the lots were represented to be free from incumbrances, while in truth they were incumbered by a mortgage of $1,500, and taxes amounting to $28.80; that the abstract of title which was shown to appellants was represented to be brought down to March 5, 1904, while in fact it was brought down only to April 22, 1903, at which time the title was clear. At the trial it was shown, by the evidence of the plaintiffs, that they visited the property before the sale and examined it; that the abstract

[1]Reported in 81 Pac. 849.

of title showed upon its face that it was brought down to April 22, 1903; that they examined it, and had an opportunity to examine the condition of the title. The record shows that the mortgage of $1,500 was subject to a contract which was assigned to appellants. The court thereupon dismissed the action. Plaintiffs appeal.

This case falls squarely within the rule applied to the case of *Hulet v. Achey, ante,* p. 91, 80 Pac. 1105, and must be controlled thereby. The judgment is therefore affirmed.